IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| **In re:** | : | |
| | : | |
| **Austin Valentine** | : | Case No.: 19-24891 |
|     **Debtor** | : | Chapter 13 |
| _____ | : | |
| **Austin Valentine** | : | |
|     **Movant** | : | |
| | : | |
| **Vs.** | : | |
| | : | |
| **Council of Unit Owners of Waterford** | : | |
| **Landing Condominium** | : | |
| **c/o John Oliveri, Esq.** | : | |
| **635 N Bestgate Road Suite 200** | : | |
| **Annapolis, MD 21401** | : | |
|     **Respondent** | : | |

_____

**MOTION TO AVOID SECOND MORTGAGE LIEN OF COUNCIL OF UNIT OWNERS
OF WATERFORD LANDING CONDOMINIUM, UNDER 11 U.S.C. § 506**

Comes Now, Austin Valentine ("Debtor"), by and through his attorney, Alisha Gordon, Esq. pursuant to 11 U.S.C. § 506(a) and Rule 3012 of the Federal Rules of Bankruptcy Procedure hereby institute this action against Council of Unit Owners of Waterford Landing Condominium Account Number 5654, respondent, for the determination of the extent of the lien held by the respondent and the status of its debt as unsecured against the Debtor's real property known as  and as grounds therefore respectfully represents that:

    12 Cloverwood Court Apt 303 Essex, MD 21221

1.    On November 6, 2019, Debtor, filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code, 11 U.S.C., commencing in this Court Case No. 19-24891 ("the reorganization case").

2. This Court has jurisdiction over this motion to determine the extent of secured lien and status of debt under Section 506 pursuant to 28 U.S.C. § 1334 (b), 157(b)(2)(A), (B), (K), (O), 11 U.S.C. § 506(a) and (d), 1123(b)(5), and Federal Rule of Bankruptcy Procedure 3012.

3. Council of Unit Owners of Waterford Landing Condominium is a Maryland Condominium Regime in the business of property management and maintenance and does business within the state of Maryland.

4. At the time of filing of the reorganization case, the Debtor owned and still owns the real property and improvements located at 12 Cloverwood Court Apt 303 Essex, MD 21221 ("the subject property"), pursuant to a Deed dated October 10, 2002, and recorded among Land Records of Baltimore's County at Maryland in Liber S.M. No. 16985, folio 1.

5. A copy of the Deed can be found at Exhibit 1 of Proof of Claim #7 and is incorporated by reference.

6. The market value of the subject property is $74,225 as of October 12, 2020, as determined by Zillow, which valuation is attached as a Support Document and is incorporated herein by reference.

7. Rosedale Saving and Loan Association is the holder and owner of the first lien against the subject property pursuant to a Purchase Money Deed of Trust. A copy of the first Deed of Trust Lien can be found at Part 4 of the Proof of Claim 9-1 and is incorporated herein by reference stating as follows:

> *Deed of Trust Lien held by Rosedale Federal Savings and Loan Association, as described in the recorded Deed of Trust ("Security Instrument") is made on June 30th, 2008. The Grantor is Austin Valentine ("Borrower"). The Trustees are George W. Barrett, Jr., Paul J. Cashour and Thomas S. Wintz, Sr. ("Trustee"). The Beneficiary is Rosedale Federal Savings and Loan Association, which is organized and existing under the laws of the United States of America, and whose address is 6708 Belair Road, Baltimore, Maryland 21206 ("Lender"). Borrower owes Lender the principal sum of One Hundred Thirteen Thousand Five Hundred and 00/100 ($113,500.00). This debt is evidenced by Borrower's Note dated the same date as this Security*

*Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on July 1st, 2038. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in Baltimore County, Maryland.*

8. In addition, the forgoing has a CONDOMINIUM RIDER which was made and perfected on June 30, 2008 and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Note to Rosedale Federal Savings and Loan Association (the "Lender") of the same date and covering the Property described in the Security Instrument and located at: 12 Cloverwood Court, Unit 303, Baltimore, Maryland 21221. The recorded instruments states as following:

> *"The Property includes a unit in, together with an undivided interest in the common elements of, a condominium project known as: Waterford Landing Condominium (the "Condominium Project"). If the owners association or other entity which acts for the Condominium Project (the "Owners Association") holds title to property for the benefit or use of its members or shareholders, the Property also includes Borrower's interest in the Owners Association and the uses, proceeds and benefits of Borrower's interest.*
>
> *BEJNG KNOWN AND DESIGNATED as Unit No. 303, Building 12, Phase 4, Waterford Landing Condominium, A Maryland Condominium Regime, as said unit and said Condominium regime are established pursuant to a declaration establishing a Condominium regime to be known as Waterford Landing Condominium and the By-Laws of Waterford Landing Condominium dated July 19, 1989 and recorded among the Land Records of Baltimore County in Liber S.M. No. 8231, folios 728 and 768, et seq., First Amendment to Declaration dated July 27, 1989 and recorded as aforesaid in Liber S.M. No. 8236, folio 658,*

3

> *second amendment to Declaration dated November 14, 1989 and recorded as aforesaid in Liber S.M. No. 8325, folio 650, third amendment to Declaration dated April 12, 1990 and recorded among the Land Records of Baltimore County in Liber S.M. No. 8453, folio 546, Fourth Amendment to Declaration dated June 11, 1990 and recorded as aforesaid in Liber S.M. No. 8504, folio 518, and any amendments thereto, and Condominium Plats for Waterford Landing Condominium, said plats recorded among the Land Records of Baltimore county and being entitled "Phase I. Condominium Plat of Waterford Landing" recorded in Condominium Plat Book S.M. No. 12, folios 108 and 109, "Phase 2, Condominium Plat of Waterford Landing" recorded in Condominium Plat Book S.M. No. 12, folios 115 and 116, "Phase 3, Condominium Plat of Waterford Landing" recorded in Condominium Plat Book S.M. No. 13, folios 7, 8, 9, and 10, "Fourth Amendment to Condominium Plat, Phase 4, Condominium Plat of Waterford Landing" recorded in Condominium Plat Book S.M. No. 13 folios 94, 95, and 96, "Phase 6, Condominium Plat of Waterford Landing" recorded in Condominium Plat Book S.M. No. 13, folios 70, 71, 72, and 73, and any amendments and/or expansions thereof. The improvements thereon being known as Unit 303, 12 Cloverwood Court (known of record as 12 Cloverwood Place). Together with appurtenances and advantage thereunto pertaining, including an undivided percentage interest in the common elements, common expenses and common profits in the regime as set forth in said Declaration of Covenants, Conditions and restrictions, Declaration establishing a Condominium regime to be known as Waterford Landing Condominium and the By-Laws of Waterford Landing Condominium (as Attached at Part 4 of Proof of Claim #9)."*

9. Waterford Landing Condominium ("Condominium") is the holder of the second lien against the subject property pursuant to "Book: 38228 Page: 73", Council of Unit Owners of Waterford Landing Condominium's Statement of Lien stating as follows:

> *"This statement of lien, made this 28th day of October, 2016, certifies that AUSTIN VALENTINE is the owner of the real property which is situated in Waterford Landing Condominium ("Condominium") in Baltimore, Maryland, known as 12 Cloverwood Court, Unit 303, Baltimore, Maryland 21221 in Baltimore County, Maryland, and that the described property is*

> *subject to a lien under Title 13, Subtitle 2 of the Real Property Article as of September 20, 2016 in the total amount of $2,859.15 plus all sums becoming due thereafter, including but not limited to, and the extent applicable, monthly assessments, special assessments, late fees, interest, attorneys' fees, costs of collection, fines, violations and non-sufficient funds fees. That amount represents a share of common expenses of the condominium allocable to the aforementioned property which are unpaid and delinquent for the period from June 2016 through September 2016 totaling $680.00, late fees in the amount of $45.00, an administrative fee in the amount of $50.00, fines in the amount of $1,190.00, with interest at the rate of 18% per annum totaling $1.55 as of September 20, 2016, as well as the costs and expense incurred by the Condominium in collecting the delinquent assessments including reasonable attorney's fees and related expenses as defined by Maryland Rule 2-701 totaling $907.60 as of October 28, 2016, which include postage of $29.80 posting fee of $30.00, lien filing fee of $60.00, copying costs of $23.80, notary fees of $9.50, and reasonable attorney's fees of $754.50 (including the cost to place the lien but not including the cost to release the lien), less payments received between June 1, 2016 and October 28, 2016 totaling $525.00. The recovery of these sums are provided for in the By-Laws of Waterford Landing Condominium as recorded among the Land Records of Baltimore County, State of Maryland in Liber 823 1, folio 768, et seq. It is requested that a notice of sale be provided at least 30 days prior to the foreclosure if a holder of a superior interest seeks foreclosure, as provided in Section 7-105.3 of the Real Property Article, Annotated Code of Maryland. This can be found at Proof of Claim POC #7."*

10. The Purchase Money Deed of Trust Lien held by Rosedale Federal Savings and Loan Association, as described in the recorded Deed of Trust ("Security Instrument") above fully encumbers the market value of the subject property rendering the second Deed of Trust held by Waterford Landing Condominium, the respondent, as described in paragraph 8 above wholly unsecured and voidable in its entirety pursuant to <u>Johnson v. Asset Management Group, LLC</u> 26 B.R. 364 (D. Md. 1998).

11. The Debtor's plan of reorganization will propose that the second lien held by Waterford Landing Condominium, the respondent, be avoided and canceled and that the respondent shall be

treated as holding a non-priority unsecured debt in the amount of the former lien and entitled to receive a distribution thereon under the plan as a general unsecured creditor.

**WHEREFORE,** Debtor, respectfully request that this Honorable Court:
a. Determine the secured claim held by Waterford Landing Condominium, to be Zero Dollars ($0.00).
b. Determine that debt owed to Waterford Landing Condominium pursuant to the statement of lien to be unsecured in its entirety; and
c. Upon the entry of a discharge, avoid and cancel the lien of record held by Waterford Landing Condominium pursuant to a statement of line dated October 28, 2016, recorded on November 7, 2016, among the Land Records of Baltimore County in Book 38228 Page 73, in the original principal amount of $2,859.15 which has a current balance of $12,116.66, against the debtors real property and improvements known as 12 Cloverwood Court Apt 303 Essex, MD 21221
d. Appoint a Trustee to execute any document necessary to release such deed of trust lien upon the entry of the Debtor's discharge; and
e. Award to the debtor such other and further relief as is just and proper.

Respectfully submitted on behalf of Debtor, Austin Valentine

October 12, 2020                                                              **/s/Alisha Gordon**
                                                                              Alisha Gordon, 19678
                                                                              Law Offices of Alisha Gordon
                                                                              1101 Conn Ave, Suite 450
                                                                              Washington, DC 20036
                                                                              (202) 509-4680 Phone
                                                                              (301) 585-1868 Fax
                                                                              alisha@agordonatlaw.com
                                                                              MD Federal Bar 19678

6

**CERTIFICATE OF SERVICE**

  I, Alisha Gordon, hereby certify that a true and correct copy of Debtor's Motion to Avoid Second Mortgage Lien of Council of Unit Owners of Waterford Landing Condominium, Under 11 U.S.C. § 506 and Notice thereof was served on October 12, 2020 by the Court via CM/ECF to the following person(s) noted herein:

**19-24891 Notice will be electronically mailed to:**
Alisha Elaine Gordon alisha@agordonatlaw.com,
agordon188@aol.com
John M. Oliveri joliveri@oliveriandassociates.com,
tlarsen@oliveriandassociates.com
Scott R. Robinson scottr@hbllaw.com,
BeckyL@hbllaw.com
Robert S. Thomas ECF@ch13balt.com,
rthomas13@ecf.epiqsystems.com

  I HEREBY CERTIFY that on October 12, 2020, a copy of the foregoing was mailed, first class, postage prepaid to:
**19-24891 Notice will not be electronically mailed to:**
Debtor Austin Valentine
12 Cloverwood Court
Apt 303
Essex, MD 21221

  I HEREBY CERTIFY that on October 12, 2020, a copy of the foregoing was priority mail postage prepaid with tracking to:
**Council of Unit Owners of Waterford**
**Landing Condominium**
**c/o John Oliveri, Esq.**
**635 N Bestgate Road Suite 200**
**Annapolis, MD 21401**  Also see mailing matrix

                   */s/ Alisha Gordon, Esq.*
                   Alisha Gordon, Esq.